The document below is hereby signed.

Signed: October 2, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THOMAS A. MAURO, | ) | Case No. 18-00107 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SARAH J. LANDISE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 18-10011 |
| THOMAS A. MAURO, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE ABSTENTION

The plaintiff, Sarah J. Landise, filed the complaint initiating this adversary proceeding on May 24, 2018, seeking an order from this court holding that a debt that is the subject of a civil action that is pending in the Superior Court of the District of Columbia against the debtor, Thomas A. Muaro, is nondischargeable under 11 U.S.C. § 523(a)(6). The court sua sponte raised the issue of whether it ought to abstain from hearing the issues still pending in the Superior Court (the

issues of fiduciary duty, conversion, and damages) and ordered the parties to brief the court on the issue of abstention. The parties have responded. Mauro requested that a hearing be held on the court's order and the parties' responses. A hearing is unnecessary and, for the following reasons, the court will abstain.

I

The facts of this case go back more than 30 years to 1985 when Landise and Mauro practiced law together in the District of Columbia. Landise left the practice in 1987 and Mauro retained several cases that were still pending when Landise left including a large personal injury case against Otis Elevator Company. Mauro procured a judgment that was affirmed upon subsequent appeal in 1992, and collected a contingency fee for successful representation in that case.

In 1990, Landise hired counsel to obtain an accounting of the alleged partnership. Mauro rejected a request for an accounting. When the parties could not come to a settlement, Landise filed the civil action against Mauro in the Superior Court on February 22, 1992, after the judgment in the Otis Elevator case was affirmed, alleging that a partnership was formed in 1985 and that Mauro had violated his fiduciary duty by not sharing the collected contingency fee with Landise. Landise also sought an accounting and damages related to the alleged

partnership and wind-down.

The civil action originally went to a trial in 1993, wherein the jury found for Mauro. The District of Columbia Court of Appeals reversed and remanded the action back to the Superior Court. The Superior Court held a second trial in July 2000. Judge William Jackson of the Superior Court allowed the jury to answer certain interrogatories, but the jury could not answer all interrogatories without an accounting by the parties, which prevented the jury from quantifying the verdict. Accordingly, Judge Jackson refused to submit the issue of damages to the jury. The jury found a partnership had been formed by an oral agreement and that the defendant had violated his fiduciary duty. The jury did not, however, decide the issue of damages. Now, more than 18 years later, the issue of damages has still not been decided.

The case remained pending in the Superior Court. On January 24, 2018, the matter was referred to an Auditor-Master with a prohibition against reconsidering issues already decided by the Court of Appeals of the District of Columbia and with a deadline "to file a written report with appropriate findings and recommendations with the Court no later than October 19, 2018, or as soon thereafter as these tasks can be expeditiously accomplished." *Landise v. Mauro*, No. 1992 CA 2456, at 2 (D.C. Jan. 24, 2018) (Order of Referral to Auditor-Master). A status meeting was also scheduled for November 16, 2018.

Mauro initiated his bankruptcy case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on February 20, 2018.  Landise filed this adversary proceeding on May 24, 2018.  At the scheduling conference held on July 31, 2018, the court brought up the issue of abstention, and on August 17, 2018, the court issued an order for the parties to show cause why the court ought not abstain pending issuance of a final judgment in the Superior Court.  Landise responded in favor of abstention.  Mauro, however, objects to abstention and asks that this court decide the issue of damages and the issue of nondischargeability.

II

Under 28 U.S.C. § 1334(c)(1), bankruptcy courts may "abstain from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" if doing so is "in the interest of justice, or in the interest of comity with State courts or respect for State law."  In general, federal courts ought to abstain from hearing cases properly before them only in rare cases. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976) ("Abstention from exercise of federal jurisdiction is the exception, not the rule.").  However, 28 U.S.C. § 1334 provides bankruptcy courts "considerable discretion to decide whether to abstain under section 1334(c)(1)." *Bricker v. Martin*, 348 B.R. 28, 34 (W.D. Pa. 2006).  Courts will consider several factors when determining

4

whether to abstain from hearing a proceeding including:

> (1) the effect of abstention on the efficient administration of the bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*In re Scanware, Inc.*, 411 B.R. 889, 897-98 (Bankr. S.D. Ga. 2009).

Mauro contends that this court should not abstain because "a federal court must be slow to abstain from a matter over which it has jurisdiction," *Response to Order to Show Cause and Opposition to Abstention* at 8, and refers to the Supreme Court's holding in *Colorado River Water Conservation District*, 424 U.S. at 813, that "[a]bstention from exercise of federal jurisdiction is the exception, not the rule." However, bankruptcy courts are given broad statutory discretion to abstain from proceedings in a bankruptcy case. *See In re Republic Reader's Service, Inc.*, 81 B.R. 422, 425 (Bankr. S.D. Tex. 1987).

In any event, the relevant factors weigh heavily in favor of abstention.  The greatest factor in support of abstention is factor 13, comity.  Most of the other factors support this factor, especially factors 2, 3, 4, 7, and 9.  Most importantly, most of the issues concerning the state law claims have already been decided by a jury in the Superior Court, but because the issue of damages was bifurcated from the issues of liability, there is not a final judgment giving the jury's findings and the court's holdings collateral estoppel effect.  It would be a great disregard of comity to re-decide issues that were already decided by a jury in the Superior Court, especially where the events surrounding the cause of action took place more than 30 years ago, and the filing of the bankruptcy case only this year has prevented the Superior Court from entering a final judgment.

As already stated, factors 2, 3, 4, 7, and 9 strongly support this factor.  There is a related case pending in the Superior Court (factor 4), and the state law issue of whether there is a debt, and the amount of that debt, predominates over the bankruptcy issue of whether such debt would be nondischargeable (factor 2).  Furthermore, should the Superior Court find that Landise suffered no damages, then there would be no nondischargeability claim.  Additionally, with respect to factor 7, while determining whether a nondischargeable debt exists is statutorily a "core" proceeding in form, the remaining

6

issue of fixing the amount of damages in the Superior Court is one that is a purely state law issue that does not impact the issue of nondischargeability (unless there were no damages). The claim of damages is one that would exist even if there had been no bankruptcy case, thus strongly suggesting that fixing damages does not in a practical sense go to the core of bankruptcy jurisdiction. Moreover, while there is no indication that the law is unsettled or difficult, it would make little sense for this court to be burdened with the reconsideration of the issues regarding liability that have already been decided, especially where the events took place over 30 years ago (factors 3 and 9).

The factors regarding administration of the bankruptcy case support abstention. This is a no-asset case, meaning that determining the amount of this debt will have no impact on the administration of the estate (factors 1 and 6), and again, as to factor 7, fixing the amount of damages does not go to the core of bankruptcy jurisdiction. Finally, it is entirely more feasible to let the state court adjudicate the damage claim and to leave to the bankruptcy court the issue of whether the debt can be enforced by Landise as being nondischargeable (factor 8). The Superior Court can easily determine the extent of liability Mauro has to Landise, and then this court can decide whether the debt is nondischargeable.

Finally, factor 14 supports abstention, because there is no

7

evidence that the parties would be prejudiced by the court's abstaining from hearing the state law claims.

The remaining factors, factors 5, 10 and 12, do not show that the court ought not abstain. As to factor 5, the district court might have jurisdiction outside of § 1334 under diversity of citizenship jurisdiction, but there may be statute of limitations issues that would prevent the district court from hearing the damage claim if a diversity action were brought.[1] Factors 10 and 12 are neutral. There is no definitive support that the parties are engaged in forum shopping (factor 10), and there are no parties to the adversary proceeding besides the debtor and the putative creditor (factor 12).

Given that the factors weigh heavily in favor of abstention, the court will abstain from hearing the state court issue regarding establishing the underlying debt, but will retain jurisdiction of the bankruptcy issue of nondischargeability of that debt.

---

[1] The events in this case took place more than 30 years ago, easily outside the statute of limitations, but the case has been pending in the Superior Court. While generally the statute of limitations is tolled while a case is pending, *see Baba v. Goldstein*, 996 A.2d 799, 802 (D.C. 2010), there is a question as to whether the Superior Court case has tolled the statute of limitations if a new diversity action were brought in the District Court. *See Carter v. Washington Metropolitan Area Transit Authority*, 764 F.2d 854 (D.C. Cir. 1985) (finding that the statute of limitations barred the cause of action in the District Court even though the same cause of action was still pending in the Superior Court).

III

Landise has requested that the court lift the automatic stay and allow the Superior Court case to proceed. As this court has concluded that abstention is appropriate, it is necessary and appropriate for the court to lift the automatic stay in order for the Superior Court case to proceed to its conclusion.

IV

Based on the foregoing, it is

ORDERED that Mauro's request for an oral hearing on the court's show cause order (Dkt. No. 12) and his response to the show cause order is DENIED, and the hearing tentatively set for October 9, 2018, at 10:30 a.m. is cancelled. It is further

ORDERED that the court will abstain from hearing the issues in *Landise v. Mauro*, Case No. 1992 CA 2456, currently pending in the Superior Court, but will retain jurisdiction over the issue of whether any judgment that may issue from that case is nondischargeable. It is further

ORDERED that the automatic stay is lifted to allow Landise to pursue obtaining a judgment in the Superior Court in Case No. 1992 CA 2456. It is further

ORDERED that the proceedings of this adversary proceeding

are stayed pending a final judgment being entered in the Superior Court.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.