The document below is hereby signed.

Signed: December 12, 2018



_S. Martin Teel, Jr._
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THOMAS A. MAURO, | ) | Case No. 18-00107 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | |
| | ) | |
| SARAH J. LANDISE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 18-10011 |
| THOMAS A. MAURO, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION
TO RECONSIDER BUT GRANTING DEFENDANT'S MOTION TO AMEND FACTUAL
RECITATIONS OF COURTS MEMORANDUM DECISION AND ORDER RE ABSTENTION

The court entered a *Memorandum Decision and Order re Abstention* (Dkt. No. 19) on October 2, 2018, wherein the court held that it would abstain from hearing the state law issue of damages in a civil case still pending in the Superior Court for the District of Columbia. The Defendant/Debtor, Thomas A. Mauro, filed a *Motion for Reconsideration* on October 15, 2018, wherein Mauro contends that the court made several incorrect factual

assertions, and asks the court to reconsider its decision to abstain or in the alternative, amend the fact section of the *Memorandum Decision and Order re Abstention*. For the following reasons, the court will amend the factual section of the *Memorandum Decision and Order re Abstention*, but will deny Mauro's *Motion for Reconsideration*.

I

The recitation of facts in the *Memorandum Decision and Order re Abstention* was not a finding of facts, but a recitation of the facts as presented by the parties, and was written to give context to the issues being considered. However, the court recognizes that several facts were incorrect in its decision. Accordingly, the *Memorandum Decision and Order re Abstention* (Dkt. No. 19) is amended to read as follows:

The facts of this case go back more than 30 years to 1987 when Landise and Mauro began practicing law together in the District of Columbia. Landise left the practice in 1989 and Mauro retained several hundreds of cases that were still pending when Landise left including a large personal injury case against Otis Elevator Company. Mauro procured a judgment that was affirmed upon subsequent appeal in 1992, and collected a contingency fee for successful representation in that case.

Landise filed a civil action against Mauro in the Superior Court on February 21, 1992, before the judgment in the Otis

2

Elevator case was affirmed, alleging that a partnership was formed in 1987.  The civil action originally went to trial in 1993, wherein the jury found that a partnership had not been formed.  The District of Columbia Court of Appeals reversed and remanded the action back to the Superior Court.  The Superior Court held a second trial in July 2000.  Judge William Jackson bifurcated the issue of whether the partnership was formed and the issue of damages.  The jury found a partnership had been formed by an oral agreement, but the jury did not decide the issue of damages.  Now, more than 18 years later, the issue of damages has still not been decided.

The case remained pending in the Superior Court, and on January 24, 2018, the matter was referred to an Auditor-Master with a prohibition against reconsidering issues already decided by the Court of Appeals of the District of Columbia and with a deadline "to file a written report with appropriate findings and recommendations with the Court no later than October 19, 2018, or as soon thereafter as these tasks can be expeditiously accomplished."  *Landise v. Mauro*, No. 1992 CA 2456, at 2 (D.C. Jan. 24, 2018) (Order of Referral to Auditor-Master).  A status meeting was also scheduled for November 16, 2018.

Mauro initiated his bankruptcy case by filing a voluntary petition under chapter 7 of the Bankruptcy Code on February 20, 2018.  Landise filed this adversary proceeding on May 24, 2018.

3

At the scheduling conference held on July 31, 2018, the court raised the issue of abstention, and on August 17, 2018, the court issued an order for the parties to show cause why the court ought not abstain pending issuance of a final judgment in the Superior Court.  Landise responded in favor of abstention.  Mauro, however, objects to abstention and asks that this court decide the issue of damages and the issue of nondischargeability.

                                II

Mauro filed his motion to reconsider within 14 days after entry of the *Memorandum Decision and Order re Abstention*. Accordingly, the motion will be considered under Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023.  Under Rule 59(e), a court may reconsider a final order if the "court finds that there is an intervening change of controlling law, the availability of new evidence, or to correct a clear legal error or prevent manifest injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  Such motions "are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.C. 2001).

Mauro does not contend that there has been an intervening change in the law, or the availability of new evidence.  Mauro's contention rests on the fact that the Superior Court case has been pending for 26 years, and asserts that the court would not

4

be required to reconsider issues already decided.

However, Mauro has not shown how the case is any more likely to proceed quicker in this court than it has in the Superior Court. The facts, as presented by the parties, only show that both parties have caused the delays. Even the additional information of the assignment of an Auditor-Master in 2003 shows that any continued prolongation of the case will depend on the actions of the parties, and is not dependant on which court decides the issues. Mauro has not provided, nor alleged, any facts to show that an Auditor-Master in 2018 could not have addressed the remaining issues and successfully brought the case to a close, but for the filing of Mauro's bankruptcy case in February 2018. Whether an Auditor-Master had been appointed in 2003, and whether Landise litigated the identity of the Auditor-Master for several years, does not show that the case was going to continue to languish in the Superior Court with the appointment of another Auditor-Master in 2018. It does show that the parties have done a good job at prolonging the resolution of this case on their own. There is no indication that the parties are any less likely to create delays in this court than they have in the Superior Court.

Moreover, the court again emphasizes that the issues previously decided by a jury in the Superior Court are not subject to a final order, and thus are not given collateral

5

estoppel effect, which means that any issue already decided by a jury can be relitigated in this court. The issue of whether the debt is nondischargeable will necessarily raise many of the same questions and issues already considered by the jury. There is no way for the court to get around reconsidering issues that the jury has already considered and decided. It would be a breach of judicial comity, and a waste of judicial resources, for this court to rehear those issues decided by a jury more than 18 years ago.

Furthermore, the fixing of damages is uniquely a state law issue and should be considered by the state court, not the bankruptcy court. Comity is not served by removing a case from the Superior Court because the parties' own actions have prevented that court from making a final decision.

Mauro may also be arguing a clear legal error due to the court's misstatement of facts. However, the court did not place reliance on the facts that Mauro asked the court to amend when making its determination to abstain from hearing the state issue of damages. The facts as to whether the alleged partnership began in 1985 or 1987; whether the alleged partnership ended in 1987 or 1989; and whether the lawsuit began on February 21, 1992 or February 22, 1992, were irrelevant to the court' decision. Whether Mauro retained "several cases" or "several hundred cases"; whether Landise filed the lawsuit before or after the

Ottis Elevator case was affirmed; whether Landise hired an attorney in 1990 to conduct an accounting; and whether the parties attempted, or did not attempt, to reach a settlement, played no part in the court's decision.  The facts of whether Landise alleged a breach of fiduciary duty by not sharing collected contingency fees; whether the jury found for Mauro, or found that no partnership had been formed (which would still mean that the jury found for Mauro); and the reason for Judge Jackson's bifurcation of the civil suit in the Superior Court (whether the jury could or could not answer all interrogatories) are all irrelevant to whether the court should or should not abstain from hearing the issue of damages.

The court relied on comity and the fact that the issues left to be decided are state law issues in deciding to abstain.  The fixing of damages is uniquely a state law issue, and the state law issues predominate over the bankruptcy issue of nondischargeability.  If the Superior Court found that Landise had suffered no damages, then there would not even be a nondischargeability issue to decide.  This alone weighed heavily on an overwhelming majority of the abstention factors in favor of abstention.

The essential facts that the court did consider were that a jury had already decided the issue of liability, and all that was left to decide is the issue of damages, but, as already mentioned

7

above, because no final and appealable order had been entered, the jury finding could not be given collateral estoppel, which means this court may be required to reconsider issues already decided by a jury.  None of those facts have been changed by the amended facts that Mauro has asked the court to make.

Accordingly, Mauro has not shown an intervening change in the law, the availability of new evidence, or a clear legal error for the court to reconsider its final order abstaining from hearing the state law issues still under consideration. Therefore, the court will deny Mauro's *Motion for Reconsideration*.

                                IV

Based on the foregoing, it is

ORDERED that Mauro's request that the facts be amended is GRANTED.  It is further

ORDERED that Mauro's *Motion for Reconsideration* is otherwise DENIED.

                                        [Signed and dated above.]

Copies to: Recipients of e-notification of filings.